IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**COLEMAN CHANEY, Individually and on**                  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                             No. 6:20-cv-427

**DOUGH SLINGER, LLC,**                        **DEFENDANTS**
**JEREMY BROWN and LEANN BROWN**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Coleman Chaney ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Dough Slinger, LLC, Jeremy Brown and Leann Brown (collectively "Defendants"), he does hereby state and allege as follows:

### I.     INTRODUCTION

1.     This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2.     Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' failure to pay proper wages under the FLSA within the applicable statutory limitations period.

3.     Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, infra.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Eastern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Defendants conduct business within the State of Texas, with a location in Tyler.

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because Defendants do business in Texas; therefore, the State of Texas has personal jurisdiction over Defendants.

7.      Plaintiff worked for Defendants as a general manager for their restaurant located in Texas. Therefore, the acts alleged in this Complaint had their principal effect within the Tyler Division of the Eastern District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

8.      Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

9.      Plaintiff is an individual and a resident of Smith County.

10.      Defendant Dough Slinger, LLC ("Dough Slinger"), is a domestic limited liability company.

11.       Dough Slinger's registered agent for service is Jeremy Brown, at 418 Red Bud Street, Forney, Texas 75126.

12.      Dough Slinger does business as, and is a franchise of, Cici's Pizza.

13.     Defendant Jeremy Brown ("J. Brown") is an individual and a resident of Texas.

14.     Defendant Leann Brown ("L. Brown") is an individual and a resident of Texas.

### III.     FACTUAL ALLEGATIONS

15.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

16.     J. Brown has at all times relevant hereto controlled the day-to-day operations of Dough Slinger such that he is liable to Plaintiff as an employer under the FLSA.

17.     J. Brown established and maintained the wage and employment practices at issue.

18.     J. Brown was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

19.     L. Brown has at all times relevant hereto controlled the day-to-day operations of Dough Slinger such that she is liable to Plaintiff as an employer under the FLSA.

20.     L. Brown established and maintained the wage and employment practices at issue.

21.     L. Brown was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

22.     Dough Slinger was at all times relevant hereto Plaintiff's employer and has been engaged in interstate commerce as that term is defined under the FLSA.

23.     Upon reasonable information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

24.     Plaintiff is currently employed by Defendants and has been since January of 2020.

25.     Plaintiff performs work for Defendants as a General Manager.

26.     Defendants employ General Managers to supervise other employees, open and close the restaurant, handle cash deposits, and generally oversee day-to-day business operations.

27.     At all times relevant hereto Defendants classified Plaintiff and other General Managers as exempt from the overtime requirements of the FLSA and purported to pay them a salary.

28.     However, Plaintiff and other General Managers were compensated at a rate below the applicable minimum weekly salary required under the FLSA for exempt employees.

29.     Plaintiff was compensated at a rate of approximately $600.00 per week, or $30,000.00 annually.

30.     Upon information and belief, other General Managers were paid in a similarly deficient manner.

31.     Defendants did not pay Plaintiff and other General Managers one and one-half times their regular rate of pay for all hours worked over forty (40) per week.

32.     Plaintiff and other General Managers routinely used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce, such as kitchen equipment, utensils, and ingredients.

33.     Defendants knew, or showed reckless disregard for whether, the way they paid, and failed to pay, Plaintiff and other General Managers violated the FLSA.

34.     Plaintiff regularly and typically worked more than forty (40) hours per week while working for Defendants.

35.     Upon information and belief, other General Managers also regularly and typically worked more than forty (40) hours per week while working for Defendants.

36.     Defendants did not pay Plaintiff and other General Managers an overtime premium of one and one-half times their regular hourly rates for overtime.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

37.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

38.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

39.     Plaintiff and other General Managers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendants.

40.     Defendants did not pay Plaintiff and other General Managers one-and-one-half (1.5) times their regular rate of pay for all hours of work in excess of forty (40) in a single workweek.

41.     Defendants did not pay Plaintiff and other General Managers a sufficient weekly salary.

42.     Defendants violated the FLSA by misclassifying Plaintiff and other General Managers as exempt from the overtime requirements of the FLSA.

43.     At all relevant times herein, Defendants have deprived Plaintiff and all others similarly situated of a proper overtime premium for all of the hours they worked in excess of forty (40) hours in a week.

44.     Plaintiff brings this FLSA claim on behalf of all other General Managers employed by Defendants at any time within the three years preceding the filing of the Original Complaint, who were misclassified as exempt from the overtime requirements of the FLSA and not paid one-and-one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

45.     The proposed class is preliminarily defined as follows:

**All General Managers within the past three years.**

46.     Plaintiff and the members of the proposed class are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including proper overtime premiums for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B.      Liquidated damages; and

C.      Attorneys' fees and costs.

47.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file his written Consent to Join this lawsuit.

48.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

49.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were paid a salary;

B.     Their weekly salary fell below the statutory minimum to be qualified as exempt under the FLSA;

C.     They were subject to Defendants' common policy of classifying them as exempt from the overtime requirements of the FLSA;

D.     They regularly worked over forty hours per week; and

E.     They were subject to Defendants' common practice of not paying workers a lawful overtime premium of one and one-half (1.5) times their regular hourly rate for all hours worked over forty (40) hours per workweek.

50.     Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group includes at least five (5) persons.

51.     Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, email addresses, and cell phone numbers of the FLSA collective action members are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action members via first class mail, email and text message to their last known physical and email addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.     FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

52.     Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

53.     29 U.S.C. § 207 requires employers to pay each employee one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

54.     Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

55.     At all times relevant hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56.     Defendants failed to pay Plaintiff an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

57.     Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

58.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, and costs, including reasonable attorney's fees as provided by the FLSA for all violations that occurred within the three (3) years prior to the filing of this Complaint.

59.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.    SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of FLSA)

60.     Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

61.     Plaintiff brings this action on behalf of all other individuals who worked for Defendants as General Managers to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty each week.

62.     Plaintiff brings this action on behalf of himself and all other General Managers, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

63.     Defendants misclassified Plaintiff and other General Managers as exempt from the overtime requirements of the FLSA.

64.     29 U.S.C. § 207 requires employers to pay each employee one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

65.     Like Plaintiff, other General Managers regularly worked more than forty (40) hours in a week.

66.     Defendants failed to pay these workers at the proper overtime rate for all hours worked in excess of forty (40) hours in a week, despite their entitlement thereto.

67.     Defendants' conduct and practices, as described above, have been and continue to be willful, intentional, unreasonable, arbitrary and in bad faith.

68.     By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

69.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Coleman Chaney, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.     That each Defendant be summoned to appear and answer this Complaint;

B.     That Defendants be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.     A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act and their attendant and related regulations;

D.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E.     Judgment for damages suffered by Plaintiff and the collective members for all unpaid overtime compensation under the Fair Labor Standards Act and its attendant and related regulations;

F.     Judgment for liquidated damages in an amount equal to all unpaid overtime compensation owed to Plaintiff and the collective members pursuant to the Fair Labor Standards Act and their attendant and relating regulations;

G.     An order directing Defendants to pay Plaintiff and the collective members prejudgment interest, a reasonable attorney's fee, and all costs connected with this

action; and

      H.     Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**COLEMAN CHANEY, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com